# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **MELISSA HOLMES,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | |
| | ) | |
| **FEDEX SUPPLY CHAIN, INC.,** | ) | **JURY DEMAND** |
| | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

## COMPLAINT

**I.     INTRODUCTION**

1.  Through this complaint, Melissa Holmes ("Plaintiff") asserts federal claims of sexual harassment and retaliation in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981(a) ("Title VII") against Defendants. Plaintiff asserts state law claims under the Tennessee Human Rights Act, Tennessee Code 4-21-101 et seq. Through supplemental jurisdiction, this Court's jurisdiction extends over the related Tennessee state law claims of invasion of privacy, assault and battery, and negligent and/or wanton training, supervision, and/or retention and outrage because all such claims arise from a "common nucleus of operative

1

fact."

## II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202. Venue is proper in the Western District of Tennessee Western Division under 28 U.S.C. § 1391(b), and pursuant to Title VII's choice of venue provision, 42 U.S.C. § 20000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and the Tennessee Human Rights Act. Plaintiff timely filed her initial charge of discrimination on April 12, 2022, which was within 180 days of the occurrence of the last discriminatory acts she endured. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the Equal Employment Opportunity Commission, which was issued on December 16, 2022, on her first EEOC Charge.

## III. PARTIES

4. Plaintiff is a woman who is over (19) years old, is a citizen of the United States, is a resident of the State of Tennessee and was employed in the State of Tennessee by Defendant. Plaintiff is an employee as defined under Title VII.

5. Defendant FedEx Supply Chain, Inc. (sometimes referred to as "FSC" or

"Defendant") is an entity subject to suit under Title VII and employs at least fifteen (15) persons.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff is a woman who began working for Defendant as a temporary employee in 2020, until she was hired as full time on March 1, 2021, as a Forklift Driver.

7. During Plaintiff's employment, Jarvis Canada, the battery technician and Plaintiff's supervisor, sexually harassed Plaintiff by making lewd sexual comments to her on a constant and continuous basis. Canada also touched Plaintiff's body parts in a sexual manner.

8. For example, Canada called Plaintiff "muscle booty"; told Plaintiff, "Damn that pussy big"; asked her "when you going to let me know how that pussy feels"; told her "Damn you are going to get bit by something", referring to Canada biting Plaintiff's butt; and told her "Damn girl, I like the way you are wearing those yellow tights. That booty looks good in those yellow tights. You know what you are doing to me when you wearing pants like that."

9. Canada also made comments about Plaintiff's breasts. He asked her to "let me suck on one of them titties." When Plaintiff asked Canada about a different job position, he responded by saying, "come over here so I can squeeze that titty and I will see what I can do [about the position]."

10. Canada touched Plaintiff's buttocks and breasts in a sexual manner.

11. Plaintiff repeatedly turned down Canada's sexual advances, and Canada retaliated against Plaintiff by cancelling her permanent employment causing Plaintiff to have to re-apply for employment.

12. When Plaintiff returned, Canada was furious and told Plaintiff "You thought you could get from under me, but no," and "you owe me."

13. Plaintiff was riding with Canada on the buggy around the warehouse, and Canada grabbed Plaintiff's butt and said, "give me some of that pussy."

14. On numerous occasions, Canada grabbed Plaintiff's buttocks in a sexual manner.

15. Canada continued to talk about how big Plaintiff's vagina looked in her clothes.

16. Plaintiff turned down Canada's sexual advances again and told him no.

17. Canada started sending Plaintiff home early, essentially cutting her hours in retaliation for turning down his sexual advances and reporting the sexual harassment. Canada would unilaterally decide to send Plaintiff home, telling Plaintiff there was no work. Canada then wrote Plaintiff up for not being at work.

18. Plaintiff reported the sexual harassment to Terry Edwards, Operations Manager, who is a man.

19. Edwards told Plaintiff that he did not believe her and to take her complaint to

      Human Resources.

20. On July 14, 2021, Plaintiff reported the sexual harassment to Debra Fields, Human Resources Business Partner.

21. Plaintiff wrote a handwritten statement stating that Canada "asked me my name and I told him. Melissa. He told me no I'm going to call you Muscle. Because of the way he said my…buttocks was made." Plaintiff stated "…he was promoted to become my supervisor. That's when he started the extra harassment." Canada "told multiple people that if I did anything wrong to let him know and I out the door." Plaintiff stated, when she was moved to B.A., "That's the area where I would be leaning on the rail and he would slide his hand and grab my breast. And now that the advances are not working he has used his resources to try and make me lose my job."

22. After reporting the sexual harassment and retaliation, Plaintiff was suspended for two months, allegedly pending an investigation into her complaints of sexual harassment. However, Plaintiff's suspension was in fact a materially adverse employment action constituting retaliation under Title VII. After Plaintiff complained about Canada's sexual harassment, Canada immediately made a retaliatory complaint against Plaintiff for sexual harassment.

23. On August 8, 2021, Plaintiff returned to work.

24. Plaintiff was told that in order to be moved to a new location and not under

Canada, she needed to put in writing that she feared for her life. Plaintiff wrote a statement for HR Business Partner Lakeesha Eddins.

25. Canada was still listed as Plaintiff's supervisor after Plaintiff wrote the statement for Eddins, stating that she feared for her life.

26. Plaintiff went out on FMLA on or about February 2, 2022, to March 15, 2022.

27. When Plaintiff returned from FMLA she was again forced to work under Canada.

28. On March 15, 2022, the same day Plaintiff returned from FMLA, Plaintiff was issued a Document Discussion Form for allegedly eating on the floor, which she did not do. Other employees who have not complained of sexual harassment eat on the floor daily and are not issued Document Discussion Forms.

29. On March 17, 2022, Plaintiff met with Jacob Lovell and Terry Thompson to discuss the continued retaliation and hostile work environment, and to file a grievance regarding the Document Discussion Form.

30. During this meeting, Plaintiff asked Lovell about her previous complaints and expressed frustration that Lovell "brushed" them off.

31. Regarding the Document Discussion Form, Lovell stated that the Document Discussion Form is "not an opportunity to discuss if something is true or not," and the Document Discussion Form "doesn't mean that something is true or

not," it is just to be used to start a discussion "on how to move forward."

32. Lovell issued Plaintiff the Document Discussion Form, although he admits that he did not witness the alleged behavior that he wrote her up for.

33. Plaintiff expressed to Lovell that she had made multiple complaints to him and nothing was done about it.

34. At the end of the discussion that was requested by Plaintiff to address her concerns, Lovell alleged out of nowhere that there were reports that Plaintiff was on the floor communicating with the Clerk on the shift discussing Canada and her complaints. This is false, as Plaintiff did not do this. Plaintiff stated to Lovell that this was retaliatory and that since she started back to work two days before, she has been retaliated against.

35. Plaintiff ended the meeting asking Lovell and Thomson where she needed to go to make a formal complaint.

36. After this meeting, Lovell and Thompson falsely alleged that Plaintiff made complaints of violence towards her supervisors during this meeting. Lovell and Thompson falsely alleged that Plaintiff "became upset after discussing the DDF and began making comments about how to get fired." They also falsely alleged that she then added, "What do I need to do to get fired, go out there and go postal." At no point during this meeting or at any other time did Plaintiff threaten violence or discuss "going postal." These allegations are

7

pretextual and retaliatory.

37. Plaintiff was suspended following this meeting for allegedly threatening violence, which she did not do.

38. On April 9, 2022, Lovell left Plaintiff a voicemail stating that she was terminated.

39. Defendant fired Plaintiff in retaliation for complaining of sexual harassment and retaliation.

## V.   CAUSES OF ACTION

### A.   COUNT I - SEXUAL HARASSMENT UNDER TITLE VII

40. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e et seq., as amended, 42 U.S.C. Section 1981(a) and the Tennessee Human Rights Act.

41. Defendant subjected Plaintiff to a sexually hostile work environment that was sufficiently severe or pervasive to alter the terms and conditions of her employment.

42. The hostile work environment was objectively and subjectively hostile and abusive because a reasonable person would find the work environment endured by Plaintiff hostile and abusive, Plaintiff perceived the environment to be hostile and abusive and the harassment negatively impacted Plaintiff's employment by making it more difficult to do her job.

43. Plaintiff subjectively perceived the sexually harassing treatment she endured to be hostile and abusive, and such conduct actually negatively impacted the conditions of her employment.

44. Defendant failed to guard against the misconduct of its employees, failed to train their managers and employees, failed to monitor their performance and conduct and failed to take adequate remedial action.

45. Defendant had no effective sexual harassment policies and no effective procedures for handling complaints of sexual harassment.

46. Defendant was made aware of this hostile and abusive environment, and continuously refused to take appropriate remedial action.

47. Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate action and by terminating Plaintiff's employment.

48. Defendant is directly and vicariously liable for the conduct of its managerial employee that amounted to the sexual harassment suffered by Plaintiff.

49. The sexually harassing conduct towards Plaintiff, and Defendant's ratification of such conduct, adversely affected Plaintiff's job because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do her job and cumulated with her employment ending.

50. Defendant, by and through its agent, engaged in the practices complained of

herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

51. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

52. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**B.   COUNT II – RETALIATION IN VIOLATION OF TITLE VII AND THE TENNESSE HUMAN RIGHTS ACT**

53. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e et seq., as amended, 42 U.S.C. Section 1981(a) and the Tennessee Human Rights Act.

54. Plaintiff engaged in protected activity when she reported sexual harassment in the workplace.

55. After Plaintiff reported sexual harassment, instead of remedying the harassment Defendant retaliated against Plaintiff by taking materially adverse employment actions up to and including terminating her employment.

56. But for Plaintiff's engagement in protected activity, Defendant would not have taken these materially adverse employment actions against her.

57. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

58. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

59. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### C. COUNT III – INVASION OF PRIVACY

60. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

61. Defendant, through the acts of its agents, invaded the privacy of Plaintiff, by, among other things, intruding into Plaintiff's private seclusion by making sexual comments and inquiries, by touching and groping private parts of her body, and other acts as set forth above.

62. Defendant authorized, ratified and/or condoned its agents' actions which amounted to an invasion of Plaintiff's privacy.

63. Defendant engaged in the practices complained of herein with malice and/or

with reckless indifference to Plaintiff's rights.

### D. COUNT IV – ASSAULT AND BATTERY

64. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

65. Plaintiff was subjected to unwanted touchings of a sexual nature.

66. Defendant ratified and/or condoned its agents' actions which amounted to assault and battery of Plaintiff.

67. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

### E. COUNT V - NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, TRAINING, AND/OR RETENTION.

68. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

69. This is a claim arising under the law of the State of Tennessee to redress the negligent and/or wanton, hiring, supervision, training, and retention of the supervisor who committed the sexually harassing acts against the Plaintiff, including unwanted touchings, invasion of privacy, and assault and battery in violation of the common law of the State of Tennessee.

70. Defendant negligently and/or wantonly failed to adequately hire, supervise, train, and/or negligently retained, its agents or employees which proximately

caused the sexually harassing acts against the Plaintiff, including the above-described unwanted touchings, invasion of privacy, and assault and battery in violation of the common law of the State of Tennessee Plaintiff.

### F. COUNT VI – OUTRAGE

71. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

72. Defendant, by and through its agents and through its own indifference to sexual harassment, outrageously and intentionally inflicted emotional distress upon plaintiff by subjecting him to abusive and harmful sexual misconduct which was ratified and condoned by Defendant.

73. Defendant and its agents caused Plaintiff severe emotional distress by such sexual misconduct, beyond what any employee should be expected to endure. Plaintiff's emotional distress was the foreseeable result of Defendant's actions and inactions as set forth above.

74. The conduct described above was so outrageous that it is not tolerated by civil society and caused Plaintiff to suffer severe emotional distress.

75. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

## V. DAMAGES

76. Plaintiff is now suffering and will continue to suffer irreparable injury from

Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

75. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of Defendant's unlawful conduct.

76. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII and the Tennessee Human Rights Act.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII and the Tennessee Human Rights Act.

3.  Enter an Order requiring Defendant and to make Plaintiff whole by reinstating her into the position she would occupy in the absence of sex harassment, race and retaliation, and/or frontpay and backpay (plus interest), order Defendant to award Plaintiff compensatory, punitive and/or damages.

4.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses and post judgment interest.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

/s/ Daniel Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin, TN 37069
629-777-5339

Jon C. Goldfarb (pro hac vice admission pending)
L. William Smith (pro hac vice admission pending)
Christina M. (pro hac vice admission pending)

WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

Counsel for Plaintiff